Martin, J.
delivered the opinion of the court. This action is brought on a judgment obtained in the tribunal of the governor of Baton Rouge, before the Americans took possession of that part of the country. The defendants resist the claim of the plaintiffs on two grounds.
1. That the judgment must be considered as a foreign one, and the court of this state have the power, and it is their duty, to inquire into the grounds on which it was rendered, and if this court do so, it will appear that the judgment was improperly rendered.
2. That the judgment is null for uncertainty.
I. This court is of opinion that judgments, rendered in this country, before the Americans took possession *312 of it, cannot be considered as foreign. They vested property, and the treaty of cession provides that the inhabitants of the ceded territory shall be protected in the free enjoyment of their property, &c. art. 3. Now, to divest the plaintiff, in such a case, of the property, in action, which he acquires by the judgment, would be a violation of the protection, which was here stipulated for; the judgment before us had passed in rem judicatam; under the former government ; its character was fixed, and cannot admit of any alteration under the new.
East’n. District.
May 1816.
II. If, however, it be not certain, the vice has not been cured by a change in the government.
The plaintiffs sued on an obligation for a specific sum, the price of a tract of land: the defendants were called upon to, and did, acknowledge it as the deed of their ancestor, but pleaded that one of the conditions of it to be performed by the plaintiffs’ testator had been broken; and the judgment of the governor is that “the claim of the plaintiffs appearing proven and just, and the allegations of the defendants appearing unfounded, it is just the plaintiffs should recover the sum due.” An alcalde is directed to compel the defendants to pay it with costs.
*313 The defendants contend that the judgment being for a sum due, without any further specification, is null and void for uncertainty. But here, it is impossible that the sum intended to be awarded should be mistaken. A sum is claimed on an obligation; the obligation being acknowledged by the defendants and the plaintiffs’ claim not being contested as to its amount, the sum intended to be awarded in the judgment must be that claimed in the petition, and acknowledged to be due in the acknowledged deed of the defendants’ ancestor.
Farther, the judgment is perfectly legal. The laws of Spain invalidate judgments which do not express a certain sum, cantidad cierta, a menos que se remitte a los autos, y en ellos conste. Febrero de Juicio ordinario, n. 499.
The sum need not be expressed, if the judgment refers to the documents, autos, and thereby the amount appears, de ellos conste.
Here the judgment begins by informing us that by the documents, it appears that the sum claimed is due. Appareciendo por los documentos . . . ser legitimamente Don D. Bradfort deudor de la suma reclamada. It next declares the opposition of the defendant unfounded, and concludes that it is just he should pay the sum due, *314 la suma debida, and requires the officer to cause it to be made.
Livingston for the plaintiffs. Turner for the defendants.
Here is, therefore, a clear reference to the acts from which the sum is said to appear due. In examining the main document, the deed, which is the ground of the action, we find that the sum awarded appears thereby to be due.
The plaintiffs are clearly entitled to the benefit of their judgment, and the decree of the district court is affirmed with costs.
See Terry vs. Patton & ux. 301.