Marti», J.
delivered the opinion of the court.
[271] The plaintiffs in this suit allege that they are owners of a strip of land in the middle of Oanai-street in the city of New Orleans, convoyed to them by the mayor, aldermen, and inhabitants of said city, in pursuance of an act of Congress, for the purpose of digging a canal, connecting the navigation of Lake Pontchartrain with that of the river Mississippi. That they lately began to dig and excavate the canal, and after having progressed therein they were obstructed and prevented by some of the inhabitants; and after-wards the defendants caused the excavations they had made to be filled up and levelled with the ground, to their great injury and damage. They pray for damages and that their title to this strip 'of land may be recognized, and the defendants for ever enjoined from disturbing them in the possession and use thereof.
The defendants pleaded the general issue; and aver that the premises have for upwards'of thirty years been in the exclusive possession and onjoyment of the mayor, aldermen and inhabitants of the city of New Orleans, first as part of the commons of said city, and now forming a part of one of the public streets; that the premises being within the jurisdiction of the defendants ; and the plaintiffs having made a large and deep excavation, which they afterwards abandoned, and left filled with stagnated water, that during the hot season became a great nuisance, they were ordered by the defendants to have it filled up: and on their neglect and refusal, this was effected by the defendants. They pray that they may be allowed the expenses incurred therein, which they claim in reconvention.
The parish court dismissed both parties and ordered that each should pay his own costs. The defendants appealed.
The plaintiffs and appellees have prayed the amendment of the judgment, so that this court may decree to them their title to the premises; and that the defendants he enjoined from disturbing them in the possession and use thereof.
The defendants can have no other ground of complaint than the refusal *167 of the court to give them judgment for the damages occasioned by the [272] wrongful acts of the plaintiffs and their costs.
The record does not containany evidence as to the extent of the damages claimed; the court therefore properly refused to allow any. The dismissal of the petition entitled the defendants to their costs. The court in our opinion erred in not allowing them. Costs are always to be paid by the party cast. The only exceptions to this rule, are perhaps, that stated in the Code of Practice, article 370, and when there is no amicable demand.
The plaintiffs have not stated in their petition any fact which authorizes them to ask that the title claimed by them to the premises be recognized; and that the defendants he prohibited from disturbing them, except the filling up the excavations which they had made and left, by the order of the- defendants, after they (the plaintiffs) had been notified and required to fill them up. The order given for filling up the excavation is not stated as a measure in opposition to the plaintiffs’ title, and the right which they claim to make a canal. The answer and evidence show on the part of the defendants, that it was a regulation of the police calculated to prevent an injury to the health of the inhabitants, resulting from an accumulation of stagnant water, in consequence of the plaintiffs having abandoned the work whioli they had begun.
The answer avers that the premises have been for upwards of thirty years in the exclusive possession and enjoyment of the inhabitants of the city, and now forms a part of one of its principal streets. This is literally true; but the alleged possession and enjoyment stated to have heretofore existed, is not inconsistent with the right which the plaintiffs claim to dig a canal; for the conveyance of the premises to the plaintiffs, is expressly made for this purpose ; and the defendants contend that the possession and enjoyment of them cannot he disturbed by any other means, than those which are intended to carry into effect the object of the conveyance.
It does not appear to us that the parish court erred in refusing to [273] recognize the plaintiffs’ title and perpetuate the injunction which had been granted. The amendment of the judgment asked for by the appellees cannot therefore he allowed.
It is ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed; and ours he, that the petition of the plaintiffs be dismissed; and that the rights of the defendants to damages on their plea of reconvention be reserved; the plaintiffs and appellees paying costs in both courts.