Simon, J.
The controversy in this suit grows out of a certain partnership, alleged in the petition to have been contracted between the parties, for the purpose of shipping and carrying freight on board of a horse-boat belonging to the concern, and navigating the said boat on the bayous De Glaize and Rouge, in the parish of Avoyelles. The plaintiff avers, that one-half of the boat was purchased by him from the defendant under their partnership contract; that said boat commenced carrying cotton from said bayous, the profits to be equally divided between the parties; that those profits have amounted to $500, which are in the hands oí the defendant; and that said defendant has had the boat engaged in his own private business for the space of two weeks, for which he owes him, plaintiff, the sum of $150. He further states, that as said defendant refuses to settle the partnership accounts, and to pay him his half of the profits, and to employ the boat for the *195 purposes intended by the contract, he is unwilling to continue the partnership. He prays, that the boat, horses, and all partnership effects be sold; that a partition thereof be made; that the boat, horses, &c. be sequestered; that the partnership affairs be liquidated, the profits divided, and that he have judgment against the defendant for one-half of such profits as may have been made, &e.
The defendant first filed his exceptions to the sequestration, praying that it be set aside; but those exceptions do not appear to have ever been acted on by the lower court. He afterwards filed his answer, in which he sets up divers matters relative to the partnership; alleges that the plaintiff never paid the amount of his purchase of one-half of the boat, &c.; that he failed to furnish 500 bales of cotton for freight according to his contract, and only furnished 222 bales ; and that the plaintiff is indebted to him in the several sums charged in divers accounts annexed to his answer, from which there results in his, defendant’s, favor a balance of at least $500, for which he prays for judgment, as also for $1000 damages, for the wrongful suing out of the writ of sequestration, which has been the cause of much deterioration of the boat, horses, &c.
The accounts standing between the parties were submitted to auditors, who investigated the matters in dispute between them, and made a report to the court, from which it resulted, that the plaintiff remained indebted to the defendant in the sum of $87 09. A rule to show cause why it should not be homologated, with some exceptions, was taken by the defendant; and, notwithstanding the opposition of the plaintiff, said report was homolo-gated, and became the judgment of the court, a qua, from which said defendant has appealed.
It has been insisted before us by the defendant’s counsel, that his exceptions to the sequestration, and his motion to have it set aside, should be sustained, on the grounds on file; but nothing-in the record shows, that they were ever acted upon in the inferior court. On the contrary, the defendant having filed his answer three days after the exceptions were on file, the case, at the same term and on the same day, was submitted to auditors, who acted upon it, and made their report at the ensuing session; where *196 upon, the court rendered the judgment appealed from, without making, in the said judgment, any allusion to the sequestration) except ordering the costs thereof to be paid by the defendant; and saying, that the property sequestered having been sold, the proceeds should be divided between the parties. It is well settled, that all exceptions to form will be considered as waived, if the parties proceed to trial on the merits, without requiring a decision on the exceptions. 4 La. 482. Here, it does not appear that any action or decision of the court below was ever required on the exceptions.
On the merits, the appellant’s counsel has called our attention to divers objections which he makes to the report of the auditors, for the purpose of showing that he was not allowed the amount to which he was entitled, and that he was made liable for sums which he did not owe ; but as the rule to show cause why said report should not be confirmed, was moved for by him below, and as he only excepted from the confirmation, two items, to wit, one of $65 22 for the use of the boat and horses for fifteen days, and another of $143 duo by Brooks & Walker to the firm, the same not having been received by him, we think that his prayer, that said report be amended only in this respect, precludes him from setting up any further opposition to it, and from requiring any other amendment.
As the appellee has not asked, that the judgment appealed from be amended in his favor, we must presume that he is satisfied with it.
The sum of $65 22, however, appears to us to have been improperly allowed to the plaintiff by the auditors; the boat was out of employment, owing to the plaintiff’s having neglected to furnish cotton for freight according to contract; and the evidence furnishes no proof of the value of the hire of said boat. It seems also, that the plaintiff consented to the defendant’s using the boat.
With regard to the charge of $143, it does not exist in the report, and there is no occasion for any amendment in this respect.
We think also, that the court, a qua, erred, in condemning the defendant to pay all the sequestration costs, and one-half of the costs of the suit. The plaintiff had not only failed to pay any *197 part of the purchase money for his half of the boat, but was in debt to the defendant; he had no claim to set up against the latter ; and the evidence shows, that the sequestration was unnecessary. It is well settled, that costs are incidental and accessary to a judgment, and cannot be allowed to a defendant against whom recovery is had. 2 Mart. 312. 11 Ib. 558. 17 La. 269. Code of Pract. arts. 157, 549, 550, 551.
Cushman and Waddill, for the plaintiff.
Edelen, for the appellant.
It is, therefore, ordered and decreed, that the judgment appealed from be so modified and amended, that instead of the amount allowed therein to the defendant, the latter do recover of the plaintiff the sum of one hundred and fifty-two dollars and thirty-one cents; and that said plaintiff pay all the expenses and costs of the sequestration by him sued out, and the costs of this suit in both courts; and it is further ordered and decreed, that said judg-men be affirmed in all other respects.